# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARY POLLARD,

           Plaintiff,    :    Case No. 3:15-cv-288

                              District Judge Thomas M. Rose
- vs -                     Magistrate Judge Michael R. Merz

TONYA FRANK, et al.,

           Defendants.    :

## REPORT AND RECOMMENDATIONS

    This case is before the Court for initial review to determine subject matter jurisdiction. Plaintiff Mary Pollard brings suit against Tonya Frank, an employee of the Area Agency on Aging, and the Montgomery County Department of Job and Family Services to obtain a court order for a new motorized wheelchair or to have her current motorized wheelchair repaired. She claims she is entitled to this relief under Ohio's Medicaid Passport Waiver program.

    Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting

subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

Upon examination of the Complaint, the Court finds it does not contain sufficient facts to support federal court jurisdiction. All the parties in the case are residents of Ohio, so there is no diversity of citizenship to support jurisdiction under 28 U.S.C. § 1332. While the Medicaid program is heavily federally funded, this Court has never been granted jurisdiction by Congress to review adverse decisions of Medicaid providers. While Plaintiff asserted on her Civil Cover Sheet that this Court had jurisdiction under 28 U.S.C. § 1343, she has not pled a claim under any one of the federal civil rights statutes. For example, she clearly does not have a constitutional right to a new motorized wheelchair which would support a claim under 42 U.S.C. § 1983.

Because Plaintiff has not pled sufficient facts to give this Court jurisdiction over the subject matter of her claim, the Complaint should be dismissed without prejudice so that it can be re-filed in a court of competent jurisdiction, for example, the Montgomery County Court of Common Pleas.

August 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).